**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 1 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JUANITA GOLETTO,

      Plaintiff-Appellant,

v.

W.H. BRAUM, INC., an Oklahoma
corporation,

      Defendant-Appellee.

No. 99-3384
(D.C. No. 99-CV-1086-JTM)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **KELLY** , **BALDOCK** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Juanita Goletto commenced this action to recover continuation health benefits she claimed were due her under a group health plan in accordance with the Consolidated Omnibus Budget Reconciliation Act of 1981 (COBRA), 29 U.S.C. §§ 1161-1169.  Ms. Goletto was employed by defendant W.H. Braum, Inc., which provided a self-funded group health plan to its employees that was administered by a third party.  Subsequent to her voluntary termination of employment on April 7, 1998, Ms. Goletto timely elected to continue health benefits pursuant to COBRA.    *See* § 1165.  Ms. Goletto incurred approximately $8,000 of medical expenses between April 7 and June 21, 1998.  The third-party plan administrator denied Ms. Goletto's claims for benefits, concluding that she was not covered under the plan at the time she incurred the expenses.  Ms. Goletto appealed that decision to the plan administrator at Braum, who also concluded that Ms. Goletto was not covered under the plan during the relevant period because she had never paid the initial premium for continuation benefits.

Ms. Goletto moved for summary judgment in the district court, arguing that under § 1162(2), her continuation coverage began on April 7–the date of the qualifying event–and ended on June 21, 1998–the date on which she failed to make timely payment of her initial premium.  Ms. Goletto further argued that Braum's attempt to retroactively terminate her coverage as of April 7 based on her failure to pay the initial premium was contrary to the plain language of

§ 1162(2)(C). [1]  In response to Braum's own motion for judgment, Ms. Goletto further argued that Braum's interpretation of the plan to allow for retroactive termination of benefits was unreasonable because it contradicted the plain language of the plan.

The district court noted that the facts were uncontroverted and determined that the outcome of the case depended on the answer to "the narrow issue of law: whether COBRA requires a 'free' initial extension of coverage. If the court finds COBRA does not so require, then Goletto has no claim for benefits against Braum's." Appellant's App., Vol. II, at 486. The court concluded that under § 1162(2)(C) of COBRA, "continuation coverage retroactively terminates as of the date of the qualifying event or notice to the employee of the event if payment is not made during the grace period."    Id. at 489-90. Because Ms. Goletto had not paid the initial premium by June 21, 1998, the last day of the grace period, the court ruled that she had no valid claim for benefits.    [2] The court entered judgment for Braum and this appeal followed.

On appeal, Ms. Goletto argues that this action is governed by the setoff rule. She contends that because her claim for approximately $8,000 in benefits

[1]     Section 1162(2)(C) provides in part that the period of continuation coverage will end on "[t]he date on which coverage ceases under the plan by reason of a failure to make timely payment of any premium required under the plan with respect to the qualified beneficiary."

[2]     Ms. Goletto in fact never paid the premium.

arose before Braum's claim for payment of the initial premium, Braum was required to setoff the amount of the premium and pay the remainder of the claims. Ms. Goletto argues that when circumstances give rise to a right of setoff, the setoff rule precludes retroactive termination of benefits under COBRA. She also contends that the district court failed to consider the setoff rule, which resulted in a flawed analysis of her claim. Finally, Ms. Goletto argues that Braum's plan does not expressly provide for retroactive forfeiture of coverage upon non-payment of a premium, and that even if it did, such a provision would violate public policy if it purported to cause a forfeiture in derogation of the setoff rule.

Ms. Goletto did not make any of her current arguments about the effect of the setoff rule to the district court. "As a general rule we refuse to consider arguments raised for the first time on appeal unless sovereign immunity or jurisdiction is in question." *Sac & Fox Nation v. Hanson*, 47 F.3d 1061, 1063 (10th Cir. 1995) (quotation omitted). "[W]e have exercised our discretion to hear issues for the first time on appeal only in the most unusual circumstances." *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721 (10th Cir. 1993). We conclude that the circumstances here do not warrant our exercise of discretion and, therefore, we decline to decide these issues.

The only argument that Ms. Goletto raises on appeal that she also raised in the district court is her contention that the administrator's interpretation of the

plan was contrary to the plain language of the plan.  This argument is poorly developed in Ms. Goletto's opening brief on appeal, and in her reply brief she argues that we should not consider the language of the plan itself–because the district court did not do so–but should consider only whether the district court correctly interpreted the statute.  [3]  Even if we were to consider Ms. Goletto's argument that the administrator's interpretation of the plan was unreasonable because it contradicted the plain language of the plan, we would not find the argument persuasive.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[3]    Ms. Goletto's only challenge to the district court's interpretation of the statute is based on her setoff rule theory, which we have declined to consider.